THOMPSON, J.
 

 The plaintiff sued his wife for separation from bed and board on the ground of cruel treatment.
 

 The wife reconvened and prayed for a separation because of cruel treatment on the part of her husband.
 

 The plaintiff’s demand was rejected and that of the wife was granted. Alimony was allowed at the rate of $6 per week.
 

 No demand was made by the wife for a divorce after the expiration of one year from the date of the judgment of separation, but immediately following the lapse of two years the husband brought the present suit in
 
 *476
 
 which he prayed for a judgment of divorce in his own favor under Act 25 of 1898.
 

 He alleged that there had been no reconciliation between them since the date of the judgment of separation.
 

 In her answer the defendant alleged that she and her husband became reconciled about June 18, 1927, and that while they had not kept house together they often went riding together in his car, and that on December 28, 1927, she bore him a child that was born prematurely. She alleged that she was in necessitous circumstances, and prayed for alimony in the event a divorce was granted in favor of her husband.
 

 The trial judge found as a fact that there had been no reconciliation and granted the divorce as prayed for. He further ordered the husband to continue to pay his wife alimony in the amount and at the time as fixed in the judgment of separation until the further orders of the court.
 

 The only issue presented, or that could have been presented, to defeat a judgment of divorce under Act 25 of 1898, was that of reconciliation between the parties — a restoration qnd renewal of the marital relations.
 

 On that issue the husband and wife alone testified. The husband denied in unequivocal terms that there had been any resumption of the marital relation or that he had had any sexual intercourse with his wife since the judgment of separation. The wife, while admitting that she and her husband had not lived or cohabited as husband and wife since the judicial separation, testified that her husband had frequently, without previous appointment, picked her up on the streets and had taken her for a ride in his car, and that on these occasions he had sexual intercourse with her.
 

 The judge gave credence to the testimony of the husband and disbelieved that of the •wife.
 

 As we have stated, these were the only witnesses to testify on the main issue. The defendant did place a Mrs. Fuite on the stand, who testified that she had seen the husband and wife riding in a car together on several occasions upon the public streets. We are not inclined, however, to attach any probative effect to the evidence of this witness in view of the fact that the testimony of defendant was so unreasonable and improbable as to be characterized by the trial judge as a “wild story,” in the sense that it was not in accord with what would be expected of human conduct.
 

 After a careful examination of the evidence, we are unable to arrive at a different conclusion from that of the trial judge who saw and heard the witnesses testify.
 

 The plaintiff has answered the appeal and asks the reversal of the judgment allowing alimony.
 

 He urges that since Act 21 of 1928 allows alimony where the husband has obtained a divorce from the wife where they have lived separate and apart for seven years, there is no law which authorizes the court to allow such alimony in a case like the instant one.
 

 But counsel is in error as to the effect of the statute referred to.
 

 There is no inconsistency between the last-mentioned act and Act 25 of 1S98.
 

 The latter act specially authorizes the court to allow alimony where the husband obtains a divorce after two years, based on a prior judgment of separation obtained by the wife.
 

 It is further argued that there was no testimony introduced showing that the wife was
 
 *478
 
 in necessitous circumstances when the final judgment of divorce was rendered.
 

 It was not necessary to introduce such proof in the absence of any plea or evidence that there had been any change in the wife’s situation since the judgment of separation in which alimony was allowed. The condition which authorized the alimony in the first instance is presumed to continue until it is shown to the contrary. The burden of pleading and of proving such change of condition was upon the plaintiff.
 

 The judgment appealed from is affirmed.